IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRUKIO MANDELL MATHIS, | ) | No. C 09-2207 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, ALAMEDA COUNTY PUBLIC DEFENDER'S OFFICE, ALAMEDA COUNTY JUDGE GOODMAN, | ) | (Docket Nos. 4, 7) |
| Defendants. | ) | |

Plaintiff, incarcerated at the Alameda County Jail in Dublin, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the public defender, assistant district attorney and Alameda County Superior Court Judge appearing in his criminal prosecution.  He has also filed two motions to proceed *in forma pauperis*, which are now GRANTED in a separate order filed simultaneously (docket nos. 4, 7).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a

defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2).  Pro se

pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements:  (1) that a violation of a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged deprivation was committed by a

person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claim

In this case, Plaintiff has sued his public defender, the district attorney and the

trial judge with regard to their respective roles in his criminal prosecution for a crime

of which he contends he is not guilty.  Plaintiff alleges that the public defender

represented that he was facing state prison time if he did not accept the offered guilty

plea to a probation violation and a new charge.  Plaintiff further complains that he was

"bound over" without a preliminary hearing.  Plaintiff alleges that the case against him

involved false charges brought by his former mother-in-law.

A public defender does not act under color of state law, an essential element of

an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions,

such as entering pleas, making motions, objecting at trial, cross-examining witnesses,

and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981);

*accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009).  It matters not that the

public defender failed to exercise independent judgment or that he was employed by a

public agency; it is the nature and context of the function performed by the public

defender that is determinative under *Polk County.  Miranda v. Clark County, Nevada*,

319 F.3d 465, 468 (9th Cir.) (en banc), *cert. denied, Clark County, Nev. v. Miranda*,

540 U.S. 814 (2003).  Purely private conduct,  no matter how wrongful, is not covered

under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974).

Simply put: there is no right to be free from the infliction of constitutional deprivations

2

by private individuals.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).  Therefore, Plaintiff's claims against his public defender are DISMISSED.

Plaintiff has also filed a claim against the assigned district attorney and the Alameda County District Attorney's Office.  A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial.  *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor absolutely immune from liability for the knowing use of false testimony at trial); *KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004) (prosecutors entitled to absolute immunity for review of second search warrant only to the extent that warrant sought evidence to prosecute crimes charged in the indictment); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutors absolutely immune for gathering additional evidence after probable cause is established or criminal proceedings have begun when they are performing a quasi-judicial function).  As such, Plaintiff's complaint fails to state a claim under § 1983 against the district attorney and that claim is DISMISSED.

Finally, Plaintiff complains about the actions of the Superior Court Judge assigned to handle his case.  However, a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his

judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)).  Therefore, Plaintiff's action is DISMISSED without prejudice to his bringing his claims in a proper forum.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED.  The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: October 14, 2009

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PATRUKIO MANDEL MATHIS,

          Plaintiff,

  v.

ALAMEDA COUNTY et al,

          Defendant.

_____/

Case Number: CV09-02207 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Patrukio M. Mathis
Alameda County Jail
ASU226
5325 Broder Blvd
Dublin, CA 94568

Dated: October 14, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

5